# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BARBARA ADDELSON, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | No. 4:16CV01277 ERW |
| ) | |
| SANOFI S.A., et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.'s Motion to Dismiss the New Jersey Plaintiff's Claims for Lack of Personal Jurisdiction and Improper Venue [ECF No. 7], Defendants Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.'s Motion to Sever [ECF No. 9], Defendants Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.'s Motion to Stay [ECF No. 11], and Plaintiffs' Motion to Remand [ECF No. 19].

## I.   BACKGROUND

Plaintiffs Barbara Addelson and Dorethea Braxton ("Plaintiffs") filed a petition in the Circuit Court of the City of St. Louis, Missouri, alleging Defendants Sanofi S.A., Aventis Pharma S.A., Sanofi-Aventis U.S. Services Inc., and Sanofi-Aventis U.S. LLC manufactured, marketed, and sold a defective and unreasonably dangerous pharmaceutical drug, Taxotere, causing permanent alopecia.[1] ECF No. 5. Plaintiffs assert nine counts against Defendants: (1) Strict Liability; (2) Manufacturing Defect; (3) Design Defect; (4) Failure to Warn; (5) Negligence; (6) Breach of Express Warranty; (7) Breach of Implied Warranty; (8) Negligent

---

[1] Alopecia is a type of hair loss.

Misrepresentation; and (9) Fraud. ECF No. 5. On August 4, 2016, Defendants Sanofi U.S. Services, Inc. and Sanofi-Aventis U.S. LLC ("Defendants") removed the matter to this Court on the basis of diversity jurisdiction. Subsequent to removal, Defendants filed a Motion to Dismiss, Motion to Sever, and Motion to Stay. Plaintiffs filed a Motion to Remand. Defendants Sanofi S.A. and Aventis Pharma S.A. have not been served.

For purposes of this Motion to Dismiss, the Court accepts as true the following facts alleged in Plaintiffs' Complaint. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010). Plaintiff Barbara Addelson ("Plaintiff Addelson") is a citizen of St. Louis County, Missouri. From November 2010, through March 2011, Plaintiff Addelson took Taxotere in the City of St. Louis, pursuant to a doctor's prescription to treat breast cancer. Plaintiff Dorethea Braxton ("Plaintiff Braxton") is a citizen of New Jersey. From December 2008, through May 2009, Plaintiff Braxton took Taxotere, pursuant to a doctor's prescription to treat breast cancer.

Defendant Sanofi S.A. is a corporation, organized and existing under the laws of France, with its principal place of business at 54 Rue La Boetie, 75008, Paris, France. Defendants Aventis Pharma S.A., Sanofi-Aventis U.S. Services Inc., and Sanofi-Aventis U.S. LLC are wholly-owned subsidiaries of Defendant Sanofi S.A. Defendant Aventis Pharma S.A. is a corporation, organized and existing under the laws of France, with its principal place of business at 20 Avenue Raymond Aron, 92160, Antony, France. Defendant Sanofi-Aventis U.S. Services Inc. is a Delaware corporation, with its principal place of business at 55 Corporate Drive, Bridgewater, New Jersey, 08807. Defendant Sanofi-Aventis U.S. LLC is a Delaware limited liability company, with its principal place of business at 55 Corporate Drive, Bridgewater, New Jersey, 08807. All Defendants were engaged in the business of research, designing, testing,

formulating, inspecting, labeling, manufacturing, packaging, marketing, distributing, producing, processing, promoting, and selling Taxotere in St. Louis, Missouri, and the United States. Defendants Sanofi-Aventis U.S. Services Inc. and Sanofi-Aventis U.S. LLC, have been licensed to do business in Missouri, and maintained a registered agent in the State of Missouri, during all relevant time periods.[2]

## II.    ORDER OF THE MOTIONS

In their various motions, responses, and replies, the parties argue the merits of the issues, but also assert arguments regarding which motion should be decided first. Plaintiffs argue their Motion to Remand and a determination of subject matter jurisdiction should be addressed by the Court before Defendants' Motion to Dismiss and issues of personal jurisdiction. Defendants argue the opposite.

"Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter" of a case before addressing personal jurisdiction issues. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999). However, there are circumstances in which a court may first address personal jurisdiction, such as when personal jurisdiction is straightforward while subject matter jurisdiction is "difficult, novel, or complex." *Id*. at 588.

In *Guillette v. PD-RX Pharmaceuticals Incorporated*, the Western District of Oklahoma held the question of personal jurisdiction was straightforward because it concerned issues of sufficiency of contacts and the consequences of registration to do business in a state, whereas the subject matter jurisdiction inquiry was complex because it included the doctrine of fraudulent misjoinder, which the Tenth Circuit Court of Appeals had not adopted or rejected. No. 5:15-CV-00564-R, 2016 WL 3094073 at *2 (W.D. Ok. Jun. 1, 2016); *see also In re Testosterone*

---

[2] Plaintiffs' Petition contains many other facts which the Court does not include because they are not relevant to the issues raised in the pending motions.

*Replacement Therapy Prods. Liab. Coordinated Pretrial Proceedings*, 164 F. Supp. 3d 1040, 1045-46 (N.D. Ill. 2016).

The same situation has occurred here. The personal jurisdiction question is straightforward, while the issue of subject matter jurisdiction is more complicated, due to the doctrine of fraudulent misjoinder. Therefore, this Court will first address the issues of personal jurisdiction before subject-matter jurisdiction.

### III. MOTION TO DISMISS

Defendants assert, in their Motion to Dismiss, Plaintiff Braxton's claims must be dismissed for lack of personal jurisdiction. Defendants argue Plaintiff Braxton is from New Jersey and there are no allegations connecting her claims to Missouri. Further, Defendants contend they also have no connections to Missouri. In the alternative, Defendants contend Plaintiff Braxton's claims should be transferred, because the Eastern District of Missouri is an improper venue for litigation of her claims. Plaintiffs assert personal jurisdiction over Defendants is established through Plaintiff Addelson's claims, which is enough to establish personal jurisdiction over Defendants for all claims.

*A. Standard*

"A federal court may exercise jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1090 (8th Cir. 2008) (internal quotations and citation omitted). Because the Missouri long-arm statute is construed as extending personal jurisdiction to the fullest extent permitted by the Fourteenth Amendment's Due Process Clause, *see J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. 2009) (en

banc), the Court's jurisdictional inquiry is limited to determining whether asserting personal jurisdiction over the defendant comports with due process. *See* Mo. Rev. Stat. § 506.500.

Where personal jurisdiction is controverted, the party asserting jurisdiction bears the burden of establishing a prima facie case that jurisdiction exists. *Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006). Thus, "[t]o survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that [the defendant] may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008) (internal citation omitted). "The plaintiff's 'prima facie showing' must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition thereto." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004) (internal quotations and citation omitted). Personal jurisdiction can be established through either general or specific jurisdiction. *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014).

B.     *General Jurisdiction*

General jurisdiction is a court's power to hear any matter in which the party is involved. *Yaeger v. Wyndham Vacation Resorts*, No. 4:14-CV-795-JCH, 2014 WL 3543426 at *2 (E.D. Mo. Jul. 17, 2014). General jurisdiction is always present in the corporation's domicile, which is its place of incorporation and its principal place of business. *Daimler AG*, 134 S. Ct. at 760. The test for establishing general jurisdiction outside of the corporation's domicile is whether the corporation's contacts with the state are so "continuous and systematic" as to make it essentially at home in the forum state. *Id*. at 761.

It is clear Plaintiff Braxton has not established general jurisdiction over Defendants in Missouri. Defendants are incorporated in Delaware and have their principal places of business in New Jersey. Further, there are no facts to establish continuous and systematic contacts with

5

Missouri to make Defendants at home in Missouri. Simply doing continuous and systematic business in a state is not enough to establish general jurisdiction. *Daimler A.G.*. 134 S. Ct. at 760-61. There are no allegations, such as Defendants maintained an office in Missouri, or employees here, or any other facts, which would suggest Defendants are at home in Missouri. *See Neeley v. Wolters Kluwer Health, Inc.*, No. 4:11-CV-325, 2013 WIL 3929059 at *4 (E.D. Mo. Jul. 29, 2013). Plaintiffs' allegations simply state Defendants distributed, marketed, promoted, and sold Taxotere in St. Louis and Missouri. This is not enough to establish general jurisdiction as outlined in *Daimler*. *See Beard v. Smithkline Beecham Corp.*, No. 4:15-CV-1833 RLW, 2016 WL 1746113 at *2 (E.D. Mo. May 3, 2016).

  C.  *Specific Jurisdiction*

Specific jurisdiction is a court's power over the party as it relates to the specific matter before it. *Yaeger*, 2014 WL 3543426 at *2. A court may not have power over the defendant for all claims, but it can have power over it with regard to specific claims, because of the relationship between the defendant, forum, and the litigation. *Daimler AG*, 134 S. Ct. at 758. There must be a "nexus between a plaintiff's claims and a defendant's forum-based activities." *In re: Zofran (Ondansetron) Products Liability Litigation*, No. 1:15-CV-13760-FDS, 2016 WL 2349105 at *5 (D. Mass. May 4, 2016) (citing *Mass. Sch. Of Law at Andover, Inc. v. Am. Bar. Ass'n*, 142 F.2d 26, 34 (1st Cir. 1998)). The Eighth Circuit has identified five factors to establish a substantial connection with a forum state: (1) nature and quality of the contacts with the forum state; (2) quantity of the contacts, (3) relation of the cause of action to those contacts, (4) interest of the forum state in providing a forum for its residents, and (5) convenience of the parties. *Keeley v. Pfizer Inc.*, No. 4:15-CV-00583 ERW, 2015 WL 3999488 at *3 (E.D. Mo. Jul. 1, 2015) (citing *Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006)). The specific personal

jurisdiction inquiry must be conducted separately for the claims of each individual plaintiff. *In re Testosterone Replacement Therapy Prods. Liab.*, 164 F. Supp. 3d at 1047.[3]

Here, Plaintiffs have not alleged any facts which connect the claims of Plaintiff Braxton with Defendants' Missouri contacts. No allegations have been included regarding the nature and quality of the contacts with the forum state, the quantity of the contacts, or the relationship between Plaintiff Braxton's claims and those contacts. There are simply no facts connecting Plaintiff Braxton to the State of Missouri. *See Barron v. Pfizer, Inc.*, 4:15-CV-584 CAS, 2015 WL 5829867 (E.D. Mo. Oct. 6, 2015).

In *Keeley*, this Court held simply marketing, promoting, and selling a pharmaceutical drug in Missouri does not establish specific jurisdiction, especially when no facts are provided to support these conclusory allegations. 2015 WL 3999488 at *3. The Court further held, although the inquiry into specific jurisdiction does not focus on plaintiff's contacts with the forum state, plaintiff's injury must be connected to defendant's contacts with the forum state. *Id.* (citing *Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014). In this matter, Plaintiff Braxton's injury cannot be connected to Defendants' contacts with Missouri as currently pled in the Petition.

In *In re: Zofran*, the District of Massachusetts held a Missouri court did not have specific jurisdiction over claims brought by out-of-state plaintiffs because the non-Missouri plaintiffs did

---

[3] Two decisions from the Eastern District of Missouri have mentioned the issue of personal jurisdiction over out-of-state plaintiffs' claims in addressing motions to remand. *See Gracey v. Janssen Pharm., Inc.*, No. 4:15-CV-407 CEJ, 2015 WL 2066242 at *3 (E.D. Mo. May 4, 2015); *Bradshaw v. Mentor Worldwide, LLC*, 4:15-CV-332 SNLJ, 2015 WL 3545192 at *2 (E.D. Mo. Jun. 4, 2015). The opinion of the Northern District of Illinois, and the opinions of the First, Third, and Fifth Circuit Courts of Appeals are helpful in reaching the Court's conclusions, here. Supplemental specific personal jurisdiction does not exist; personal jurisdiction must exist separately for each claim. *See In re Testosterone Replacement Therapy Prods. Liab.*, 164 F. Supp. 3d at 1048; *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275, n.6 (5th Cir. 2006); *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001); *Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 289 (1st Cir. 1999).

not allege they were prescribed Zofran in Missouri, took Zofran in Missouri, or they suffered injuries in Missouri. *Id*. The Court also found plaintiffs did not allege any facts connecting the conduct of the defendant in Missouri to any of plaintiff's claims. *Id*.; *see also Neeley*, 2013 WIL 3929059 at *4 (finding that creating and promoting a defective device that injures plaintiffs in another state is unrelated to the activities of the defendants in this state). This is the situation this Court faces in this matter. The Court does not have specific personal jurisdiction over Plaintiff Braxton's claims.

    D.    *Consent Jurisdiction*

Plaintiffs argue Defendants have consented to jurisdiction in Missouri because they have registered with the Missouri Secretary of State and have maintained a registered agent in Missouri. Both of these are requirements under Missouri law.

In *Beard*, Judge White held personal jurisdiction is not established by appointment of an agent for service of process. 2016 WL 1746113 at *2. Even though the Eighth Circuit has previously ruled appointing a registered agent in the state does establish jurisdiction,[4] Judge White held, and this Court agrees, recent United States Supreme Court Decisions have held more substantial contacts are required to hale a litigant into the Court's forum. *Id*. Many states, including Missouri, require businesses to register with the Secretary of State and maintain a registered agent in the state. If these requirements create jurisdiction, national companies would be subject to suits in almost every state in the country. This would not comport with the principles of personal jurisdiction the Supreme Court established in *Daimler*. *Keeley*, 2015 WL 3999488 at *4; *see also Neeley v. Wyeth LLC*, 4:11-CV-00325, 2015 WL 1456984 at *3 (E.D. Mo. Mar. 30, 2015). This Court finds Judge White's reasoning to be persuasive. Registering with

---

[4] *See Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196 (8th Cir. 1990).

the Secretary of State and maintaining a registered agent in Missouri does not create personal jurisdiction.

  *E.*  *Improper Venue*

Defendants argued if the Court found personal jurisdiction, it should dismiss or transfer the claims for improper venue. Because the Court has found personal jurisdiction is lacking over Plaintiff Braxton's claims, those claims must be dismissed and the Court need not address the issue of improper venue.

**IV.**  **MOTION TO SEVER**

In their Motion to Sever, Defendants assert Plaintiffs have no relationship or facts linking them together; therefore, their claims should be severed. Because the Court will grant dismissal of Plaintiff Braxton's claims, Defendants' Motion to Sever is moot.

**V.**  **MOTION TO REMAND**

In their Motion to Remand, Plaintiffs assert the Court lacks subject matter jurisdiction because there is a lack of complete diversity. Plaintiffs claim Defendants' citizenship for purposes of diversity is New Jersey, as is Plaintiff Braxton's. Because the Court will grant dismissal of Plaintiff Braxton's claims, the remaining Plaintiff and Defendants are diverse from one another and the Court has subject matter jurisdiction. Plaintiffs' Motion to Remand will be denied.

**VI.**  **MOTION TO STAY**

Finally, in their Motion to Stay, Defendants assert the Court should stay this matter pending transfer of the case to multidistrict litigation. Plaintiffs oppose the stay, arguing the matter should be remanded rather than delaying disposition of the case for several years while it goes through multidistrict litigation only to be remanded. The Court will stay this matter pending

9

transfer of the case to multidistrict litigation to conserve judicial resources and promote efficiency.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.'s Motion to Dismiss the New Jersey Plaintiff's Claims for Lack of Personal Jurisdiction and Improper Venue [ECF No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.'s Motion to Sever [ECF No. 9] is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Defendants Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.'s Motion to Stay [ECF No. 11], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand [ECF No. 19] is **DENIED**.

Dated this 25th Day of October, 2016.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE